### TERRELL v. TRIPLETT (two cases).

(District Court, S. D. Florida. June 20, 1924.)

Nos. 1574, 1575.

Torts ⚖️26(1)—Under Florida practice, plea of general issue in action of tort operates as denial only of breach of duty or wrongful act alleged.

Under the Florida practice, a plea of not guilty in an action of tort operates as a denial only of the breach of duty or wrongful act alleged to have been committed by defendant, and not of facts stated in the inducement, and other pleas must take issue on some particular matter of fact alleged in the declaration.

⚖️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

At Law. Actions by Franklin R. Terrell and by Julian Norman Vincent Terrell, a minor, by Franklin R. Terrell, against Joseph I. Triplett. On motion to strike out certain pleas and demurrer to other pleas. Motion and demurrer sustained in part, and denied in part.

P. L. Gaskins, of Jacksonville, Fla., for plaintiffs.
J. I. Triplett, of Jacksonville, Fla., for defendant.

CALL, District Judge. The declarations contain two counts each. Case 1574 is a suit by the father for loss of service and for expense incurred for treatment to a minor son, caused by an injury to such son, resulting from negligence of defendant. Case 1575 is a suit by the minor for damages resulting from such injury.

The first count alleges that the defendant was the owner of a two-story apartment building containing three apartments, rented to different tenants; that around the building extended a porch, a portion of which was used in common by all the tenants, with the knowledge, approval, and acquiescence of the landlord; that around the outer edge of said porch was a railing, which the defendant negligently permitted to become out of repair and unsafe, as the defendant knew or should have known; that, while the son was leaning against same in a usual and ordinary way, the said railing, by reason of its decayed and unsafe condition, gave way and precipitated the son to the ground below, causing the injuries complained of.

The second count states the same cause of action, and differs from the first count only in alleging that the portion of the porch on which the accident occurred was reserved by the landlord for the common use of the tenants of the flats.

Eleven pleas were interposed in case No. 1574 to the counts severally, and 12 in case No. 1575, but set up the same defenses. The plaintiff has moved to strike the second, sixth, seventh, tenth, and eleventh pleas in case No. 1574, and the second, sixth, seventh, tenth, eleventh, and twelfth in case No. 1575, and demurred to the third, fourth, fifth, sixth, seventh, eighth, ninth, tenth, and eleventh pleas in case No. 1574, and in case No. 1575 also the twelfth plea.

The first plea is the general issue, upon which issue has been joined. The motion to strike is grounded upon the fact that the facts alleged in the pleas could be shown under the pleas of not guilty. The act of Legislature provides that, in actions for torts, the plea of not guilty shall operate as a denial only of the breach of duty or wrongful act alleged to have been committed by the defendant, and not to the facts stated in the inducement. No other defense than such denial is admissible under that plea. All other pleas must take issue on some particular matter of fact alleged in the declaration. The law governing cases of this kind is well stated in Whitcomb v. Mason, decided by the Court of Appeals of Maryland, 102 Md. 275, 62 Atl. 749, 4 L. R. A. (N. S.) 565, as follows:

"Where a landlord leases separate portions of the same building to different tenants, and reserves under his control the halls, stairways, and other portions of the building used in common by the tenants, he is bound to use reasonable diligence to keep the portions of the building so retained under his control in a safe condition; * * * but his duty in that respect is meas-

ured and limited by the uses and purposes to which it is reasonable, from the situation and nature of the building, to infer that the halls, stairways, etc., were intended to be subjected in making the leases."

Keeping this rule of law in view, the pleas in these cases will be examined under the motion to strike and the demurrer. Examples are given in rule 71 of Rules of Circuit Court in Common-Law Actions, which show the scope of the plea of not guilty. Applying the statute, which simply re-enacts the rule 71, with an addition which would seem to indicate the intention of the Legislature not to extend the meaning beyond the examples there given, the plaintiff alleges, as a cause of action, negligence in the landlord in keeping a reserved space for the common use of the tenants of an apartment building in repair. It is necessary to recovery that the plaintiff should show by his evidence that the portion where the injury occurred was reserved for the common use of the tenants; that is, that the porch was not leased to any particular tenant for its exclusive use, and the negligence charged as the proximate cause of the injury. The plea of not guilty puts these facts in issue, and testimony tending to prove or disprove them is admissible under it. Pleas setting up such facts are amenable to the motion to strike. Such are the second, sixth, and tenth in each of the cases, and the eleventh plea in case No. 1575, and the motion to strike each of them will be granted. The motion will be denied as to the eleventh plea of case No. 1574, and the twelfth plea of case No. 1575, and the seventh plea in each case.

The third plea in case No. 1575 and the fourth plea in case No. 1574 is similar, setting up contributory negligence without stating facts, and each is amenable to demurrer. The third plea in case No. 1574 and the fourth plea in case No. 1575 is similar, stating that the minor was a trespasser, without stating any facts from which such trespassing would appear, and each is also amenable to demurrer. The fifth plea in each case is alike, stating that the minor climbed upon the railing and was therefore guilty of contributory negligence. Admitting that he did climb upon the railing, and this is all the demurrer does admit, would not make him guilty of contributory negligence. This plea in each case is amenable to the demurrer. The seventh plea in each case is the same, stating that the injury was unavoidable, with no facts stated, and each of them is subject to the demurrer. The eighth plea in each case, while slightly different in phraseology, means the same thing, and what is said above as to the fifth plea applies to it also. The ninth plea of case No. 1575 attempts to set up contributory negligence. What is said as to the fifth plea applies to this plea.

The eleventh plea in case No. 1574 and the twelfth plea in case No. 1575 is similar, and states that no agreement was made by the landlord to repair, among other things. Of course, at common law and in this state, where an entire premises is rented, and no agreement on the part of the landlord to repair is made, he is not obliged to repair, and the duty to do so does not rest upon him. But that rule is not applicable to the case made in the present cases. A different rule applies if the plaintiff sustains by proof his declaration. These pleas do not state facts excusing the defendant from the case made in the declaration.

An order sustaining the demurrer will be entered to the third, fourth, fifth, seventh, eighth, and eleventh pleas in case No. 1574, and to the third, fourth, fifth, seventh, eighth, ninth, and twelfth pleas in case No. 1575.

It will be so ordered.